**IN THE COURT OF APPEALS OF IOWA**

No. 16-0571
Filed May 25, 2016

**IN THE INTEREST OF C.T., I.T., and M.N.,**
**Minor Children,**

**J.O., Mother,**
        Appellant,

**M.N., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, David F.

Staudt, Judge.


        A mother and father appeal separately from the order terminating their

parental rights.  **AFFIRMED ON BOTH APPEALS.**


        Michele R. McCann of Snow, Knock, Sevcik & Hinze, Cedar Falls, for

appellant mother.

        Nina M. Forcier of Forcier Law Office P.L.L.C., Waterloo, for appellant

father M.N.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Melissa A. Anderson-Seeber of the Juvenile Public Defender's Office,

Waterloo, attorney and guardian ad litem for minor children.


        Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

The mother of three children, C.T., I.T., and M.N., and the father of M.N. appeal separately from the juvenile court's order terminating their parental rights.[1]  Both parents argue the State failed to prove the statutory grounds for termination by clear and convincing evidence and termination is not in the children's best interests.  The mother also asserts she shares a bond with her children that weighs against termination and the juvenile court should have granted her an additional six months to work toward reunification.  We affirm on both appeals.

## I.     Background Facts and Proceedings

The Iowa Department of Human Services became involved with the family in September 2014 due to allegations the children were living in a bus at C.T. and I.T.'s father's auto repair shop and salvage yard.  Around the same time, local police were investigating a homicide at the business and discovered methamphetamine and weapons accessible to the children.  Following their removal, M.N. tested positive for methamphetamine.  He was placed with his paternal grandmother while C.T. and I.T. were placed in family foster care.  The children were later adjudicated children in need of assistance (CINA).

At the time of removal, the father of M.N. was serving a twenty-year sentence for a conviction of sexual abuse in the third degree.  The mother had

---

[1] At the time of the termination hearing, the father of C.T. and I.T. was serving a sentence of life in prison without the possibility of parole for a conviction of first-degree murder.  The juvenile court terminated his parental rights pursuant to Iowa Code section 232.116(1)(f) and (j) (2015).  He filed an untimely notice of appeal, which the supreme court dismissed for lack of subject-matter jurisdiction.  *See* Iowa R. App. P. 6.101(1)(a); *Robco Transp., Inc. v. Ritter*, 356 N.W.2d 497, 498 (Iowa 1984).

been arrested for a violation of a no-contact order and charged with a probation violation. She admitted to using methamphetamine daily for the year leading up to the children's removal and to suffering ongoing mental health issues. From the time of the children's removal through the termination hearing, the mother was either incarcerated or living in a residential treatment facility.

In March 2016, the juvenile court terminated the mother's parental rights to her three children pursuant to Iowa Code section 232.116(1)(f) and (*l*) and the father's parental rights to M.N. pursuant to section 232.116(1)(e), (f), and (j). The mother and father of M.N. separately appeal.

## II. Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the children. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III. Analysis

"Our review of termination of parental rights under Iowa Code chapter 232 is a three-step analysis." *In re M.W.*, 876 N.W.2d at 219. First, we must determine whether the State established the statutory grounds for termination by clear and convincing evidence. *See* Iowa Code § 232.116(1); *In re M.W.*, 876 N.W.2d at 219. Second, if the State established statutory grounds for termination, we consider whether termination is in the children's best interests under section 232.116(2). *See In re M.W.*, 876 N.W.2d at 219–20. Finally, we

consider whether any exceptions under section 232.116(3) weigh against termination.  *See id.* at 220.

*A.    Statutory Grounds*

Both parents argue the State failed to prove the statutory grounds for termination by clear and convincing evidence.  When a court terminates parental rights on more than one ground, we may affirm the order on any of the statutory grounds supported by clear and convincing evidence.  *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

Iowa Code section 232.116(1)(f) provides the court may terminate a parent's parental rights if the State proves by clear and convincing evidence the child (1) is four years of age or older; (2) has been adjudicated CINA; (3) has been removed from the physical custody of the parent for at least twelve of the last eighteen months, or the last twelve consecutive months and any trial period at home has been less than thirty days; and (4) cannot be returned to the parent's custody at the time of the termination hearing.

Neither parent disputes the first three elements; rather, both parents argue the State failed to prove the final element—whether the children could be returned to the custody of a parent.[2]  The father concedes he was not available to parent M.N. at the time of the termination hearing due to his incarceration but contends M.N. could have been returned to the custody of the mother within a reasonable period of time following the termination hearing.  The mother also

---

[2] The State contends the parents failed to preserve error on this issue because the mother did not request the immediate return of the children at the time of the termination hearing but rather requested permanency be deferred for a period of six months pursuant to Iowa Code section 232.104.  We assume without deciding the issue was preserved and reach the merits.

asserts that, although she was confined to a correctional facility at the time of the termination hearing, she was released shortly thereafter and "[o]nce living in the community, [she] would have [had] the opportunity to fully engage in the case plan and progress rapidly toward reunification." We cannot ignore the plain language of the statute. It is undisputed the children could not be returned to the custody of either the mother or the father at the time of the termination hearing due to their incarceration. Accordingly, we affirm the termination of the mother's and father's parental rights on statutory grounds under section 232.116(1)(f).

*B.      Best Interests*

The parents next contend termination of their parental rights was not in the children's best interests under Iowa Code section 232.116(2).[3] Even if a statutory ground for termination is met under section 232.116(1), a decision to terminate must still be in the best interests of the children under section 232.116(2). *In re M.W.*, 876 N.W.2d at 224.

We have thoroughly reviewed the record before us "giv[ing] primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). At the time of the termination hearing, both the mother and the father were incarcerated. The father was serving a twenty-year sentence and, although the father had had contact with M.N., who was placed with the father's mother, he had never met the child.

---

[3] The State again contends neither parent preserved error on this issue. Assuming without deciding that error has been preserved, we reach the merits of the issue.

The mother was discharged shortly after the termination hearing. Following the children's removal, the mother admitted she had used illegal substances—including methamphetamine, marijuana, and cocaine—since 2009, and had used approximately one gram of methamphetamine daily in the year leading up to the removal. She completed substance abuse treatment but subsequently tested positive for marijuana. She took steps toward mental health treatment on several occasions but failed to follow through. She visited with the children only fifteen times between their removal and the termination hearing and did not see them for the five months leading up to the hearing. She did not have stable housing or employment and could not provide for the emotional needs of her children. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (quoting *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010)). "It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." *Id.* at 778 (citation omitted).

All of the children are happy, healthy, and thriving in their placements. C.T. and I.T. are bonded with their foster family. M.N. is bonded to his grandmother, who wishes to adopt him. "[A]t some point, the rights and needs of the children rise above the rights and needs of the parent[s]." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). Upon our de novo review, we find termination of the parents' parental rights is in the children's best interests.

### C.	Exceptions to Termination

"Once we have established that the termination of parental rights is in the children's best interests, the last step of our analysis is to determine whether any exceptions in section 232.116(3) apply to preclude the termination." *In re M.W.*, 876 N.W.2d at 225. The mother asserts an exception under section 232.116(3) applies because she has a strong bond with her children. *See* Iowa Code § 232.116(3)(c) (providing a court may decide not to terminate a parent's parental rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child[ren] at the time due to the closeness of the parent-child relationship[s]."). "'The factors weighing against termination in section 232.116(3) are permissive, not mandatory,' and the court may use its discretion, 'based on the unique circumstances of each case and the best interests of the child[ren], whether to apply the factors in this section to save the parent-child relationship[s].'" *In re A.M.*, 843 N.W.2d at 113 (citation omitted).

The record shows the mother did not have a close relationship with her children such that termination would be detrimental to them. She had not seen her children for over five months at the time of the termination hearing because she had failed to complete the five-and-a-half hours of community service required of her to have day visits with her children and had had her probation revoked. Accordingly, we find no permissive factors under section 232.116(3) exist weighing against termination of the mother's parental rights.

### D.	Additional Six Months

The mother also argues the juvenile court should have granted her an additional six months to work toward reunification with her children. In order to

extend a child's placement for an additional six months, the juvenile court must find the need for removal will no longer exist at the end of the six-month period. *See* Iowa Code § 232.104(2)(b).

There is nothing in the record to indicate the circumstances would be such that the need for removal would no longer exist at the end of six months. *See id.* Accordingly, we affirm the juvenile court's denial of the mother's request for an additional six months.

**AFFIRMED ON BOTH APPEALS.**